**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-08110-001-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Arnold James Begay, | |
| Defendant. | |

Before the Court are the Government's Motions in Limine related to evidence they seek to admit at the Jury trial: a Motion to Admit Certified Conviction Documents (Doc. 53), and to Admit Certified Sex Offender Registration Documents (Doc. 55). The Defendant has not filed a Response and the time to do so has passed.[1]

The Court will grant the Government's Motions for the reasons explained herein.

## I. Background

On July 16, 2002 Defendant Arnold James Begay was convicted of Aggravated Sexual Abuse of a Child in Indian Country, in the U.S. District Court, District of New Mexico. (Doc. 1 at ¶ 2).[2] His conviction resulted from his guilty plea under the terms of a plea

---

[1] The Defendant's Responses were due five-days prior to the Final Pretrial Conference set for December 17, 2025. (Doc. 39). On September 10, 2025, the Court, upon Defendant's motion, permitted him to represent himself. The Court instructed him to abide by all Orders of this Court, the local rules of the Arizona District Court and federal rules of criminal procedure. The Court also maintained his court-appointed counsel as stand-by counsel.
[2] Doc. 1 is the Complaint filed in this case. The New Mexico federal court documents are cited as "CR 00-1393" followed by the relevant document number in that case. All other document references are to the Government's Motions and exhibits as filed in the present case.

agreement with the Government in case number CR 00-1393 (Doc. 64), which was filed on March 11, 2002. (Doc. 53-1). Judgment was entered and sentence imposed on August 2, 2002 and Defendant Begay was sentenced to 180 months in federal custody followed by 5-years on supervised release. (CR 00-1391; Doc. 67) (Doc. 53-1). His supervised release terms included the court-imposed condition that "[t]he defendant shall immediately register as a sex offender at the Sheriff's Office or Police Department in the county of residence and provide verification to the probation officer." (CR 00-1391; Doc. 67 at 4).

On September 29, 2015, before his U.S. Probation Officer, Defendant Begay signed a "Sex Offender Registration Notice" which explained his requirement to register as a sex offender. (Doc. 1 at ¶ 3). The next day, he registered as a sex offender through the Arizona Department of Public Safety Sex Offender Registration Form, which required that he initial his acknowledgment of re-registering, within 72-hours of changing his residence. (Doc. 1 at 4). The Registration Form included a statement that his registration requirement is for his lifetime, and that failure to register is punishable as a felony. (Id.). Defendant Begay re-registered as a sex offender upon relocating to Phoenix, Arizona on March 18, 2019, and again initialed his acknowledgment of requirements under the registration laws. (Doc. 1 ¶ 5).

The Government asserts that Defendant Begay was incarcerated for a time but that he was scheduled to be released on July 12, 2019 to a residence on the Navajo Nation, in Arizona. (Doc. 1 ¶6). The Government alleges that between July 17, 2019 and through on or about September 4, 2024, Defendant Begay failed to re-register as a sex offender. (Doc. 7). The Government states that according to the Navajo Nation Police Department, the Defendant had not registered as a sex offender through its registration system. The Defendant's alleged failure to register, under the terms of his 2002 conviction are what form the basis of the grand jury's indictment. Defendant Begay is charged with one count of Failure to Register as a Sex Offender in violation of Title 18 U.S.C. § 2250 (a). (Doc. 7).

/ / / /

/ / / /

## II. Law and Analysis

The Government's Motions seek preliminary rulings on its ability to admit evidence without witnesses who can authenticate the evidence. During the trial, the Government seeks to have the Court permit them to introduce Defendant Begay's 2002 plea and sentencing documents and his sex offender registration forms without a testifying witness. The Government asserts that these documents qualify as self-authenticating under rule 902, so no testifying witness is necessary. Alternatively, the Government asserts that the documents are admissible under an exception to the hearsay exclusion rule, namely, Rule 803.

### A. Admitting Self-authenticating Documents under Rule 902

Authentication is a precondition to admitting evidence which can be satisfied by establishing that the document or item is what it is purported to be. *See United States v. Alvirez*, 831 F.3d. 1115, 1122-3, (9th Cir. 2016). Authentication occurs when a witness with sufficient knowledge identifies the item and informs the jury of the circumstances of how the item was created. *Id* at 1123. Yet, certain documents require no extrinsic evidence of genuineness to be admitted into evidence. *Id*. Rule 902 provides that certain items of "evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted[.]" Among the listed items of evidence are: Domestic Public Documents that are Sealed and Signed under Rule 902(1); Domestic Public Documents that are Not Sealed but are Signed under Rule 902(2), and Certified Copies of Public Records under Rule 902(4).

Each Rule applies to specific documents and has nuanced but important requirements. For instance, documents admitted under Rule 902(1) must bear the seal of the government entity and bear a signature that attests to its genuineness. Rule 902(2) applies to documents that do not have a seal, so it requires additional safeguards including 1) bearing the signature of "an officer or an employee of an entity named in Rule 902(1)(A)," *and* 2) the document must bear a sealed certification of a public officer having a seal and attesting that the officer has the official capacity and that the signature is genuine.

Rule 902(4) permits admission of copies of official records that were recorder or

filed in a public office as authorized by law, but the copy must be certified as correct by "(A) the custodian or other person authorized to make the certification; or (B) a certificate that complies with Rule 902(1), (2), or (3), [or] a federal statute[.]"  Courts have routinely held that prior conviction records are self-authenticating under Rule 902(4).  *See United States v. Weiland*, 420 F.3d. 1062, 1073 (9th Cir. 2005) (admitting the defendant's conviction records, photograph and fingerprints included in the "penitentiary packet" under Rule 902(4) as having been certified as correct by the documents legal custodian.).

Rule 902(11) permits admission of an original or a copy of a domestic record "that meets the requirements of Rule 803(6)(A) – (C) as shown by a certification of the custodian or another qualified person[.]"  Rule 803(6) excepts from inadmissible hearsay, records of regularly conducted activity so long as the "opponent does not show the source of information . . . lacks trustworthiness" and meets the Rule's criteria set out in sections (A) – (D).  However, reports or records prepared for the purposes of litigation often lack sufficient trustworthiness and they do not qualify for Rule 803(6) exceptions.  *See Paddack v. Christensen, Inc*. 745 F.2d 1254, 1258 (9th Cir. 1984).  So, if a "qualified witness" testifies that he relied on the certified records in the performance of his business and/or duties, the certified record may be received into evidence. *See* Rule 803(6)(D); *see also United States v. Childs*, 5 F.3d 1328, 1333, (9th Cir. 1993) (citing cases).  The witness need not be the custodian of the documents offered into evidence under Rule 803(6). *Id*. at 1334.  But the witness must evince familiarity with the document's preparation and content.  Importantly, Rule 902(11) also mandates that "[b]efore the trial, . . . the proponent must give an adverse party reasonable written notice of the intent to offer the record - and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

### 1. The Certified Conviction Documents (Doc. 53)

The Government's Motion in Limine asks the Court to admit "certified court records in lieu of live testimony by custodian witnesses" under Rule 902.  The documents attached to the Government's Motion include copies of the Defendant's Judgment and Plea Agreement from his 2002 criminal case. (Doc. 53-1). They offer that admitting these

records in this manner will avoid the need to call live witnesses, promote simplicity in procedure and eliminate expense and delay. (Id. at 2).

The Government states that "[a]ll certified conviction documents [it] seeks to admit are certified official records or documents recorded or filed in a public office as authorized by law" so they are admissible "under Rule 902(1)." (Doc. 55 at 2; ln. 3-4). They do not claim, however, that the records bear a seal or as having been signed as required under that Rule. So, the Government may have misstated the Rule which applies to their described evidence. The Government describes the conviction documents as "certified official records or documents recorder or filed in a public office." The term "certified" is used in Rule 902(4) relating to the admissibility of certified *copies* of documents, which more likely covers the Governments described conviction records.

So long as the Government seeks to admit previously disclosed certified copies (or documents bearing a seal and signature) of Defendant Begay's 2002 conviction and sentencing records, they qualify as self-authenticating under Rule 902. So, no witness need testify as to the document's authenticity.

**2. Defendant Begay's prior Sex Offender Registrations**

The Government also seeks to admit into evidence "certified copies of prior sex offender registrations" completed by the Defendant and "maintained in the public records of Maricopa, Navajo, and Pima Counties, in lieu of live testimony" under Rule 902. (oc. 55 at 1). The Government further asserts that if the documents fall under the hearsay prohibition, "they fall under the business record exception of Rule 803(6), [and] the public records exception of Rule 803(8). The Government states that "[a]dmission of the self-authenticating [registration documents] will avoid the need to call live witnesses" and help "to eliminated unjustifiable expense and delay." (Id. at 2).

Again, the Government's lack of clarity in precisely describing the evidence it seeks to introduce as self-authenticating muddles the issue. First, the Government describes the sex-offender registration documents as "certified copies" that are maintained in the public record. (Id. at 1; ln. 19-20). Then, they describe the documents as "certified official records" or "documents recorded or filed in a public office."

If, as first described, the registration documents are certified *copies*, then, the Government could move them into evidence through Rule 902(4), if certified as correct by a custodian or other person authorized to make the certification, or the certificate complies with Rule 902(1), (2) or (3).  If, they are indeed "certified official records" without a seal but are officially signed and another person attest that the signor had the authority to so sign, then, they could be admitted under Rule 902(2).  Again, the Government's varying descriptions of its evidence strains the Court's ability to make a final ruling on the Rule applicable to its evidence. Nonetheless, the Government is correct in noting that if they proffer testimony that the documents are records of regularly conducted activity and meet the criteria set for the in subsections (A) – (E), the records are exempt from hearsay objections under Rule 803(6).

At the final pretrial conference, the Government is instructed to precisely describe the evidence it seeks to introduce, what form it will take and whether they seek admission under Rule 902(1), (2) or (4).  The Government will also place on the record when and how they disclosed the evidence to the Defendant.  The Court will then determine whether their evidence as to the sex offender registration documents are admissible and under which Rule(s).

**IT IS ORDERED** granting the Government's Motion in Limine (Doc. 53) as provided for in this Order.

**IT IS FURTHER ORDERED** as to the Governments Motion in Limine (Doc. 55), at the Final Pretrial Conference, the Government shall precisely describe the records it seeks to introduce and explain the Rule upon which it relies for its admission.

Dated this 16th day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge