**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-08110-001-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Arnold James Begay, | |
| Defendant. | |

At issue is the Government's Motion in Limine regarding the Defendant's status and registration requirement as a matter of law. (Doc. 54). Defendant Arnold James Begay ("Begay") has not filed a response and the time to do so has now passed.[1] For the reasons stated below, the Court will grant the Motion.

## I.    Background

Begay was convicted in the District of New Mexico for Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. §§ 1153, 2241(c) and 2246 (D) in July of 2002. (Doc. 1 at ¶ 2).   Begay's sentence following the conviction was 180 months of imprisonment and five years of supervised release thereafter. (Doc. 54-1 at 2, Ex. 1, Judgment in a Criminal Case).   The Government's current charges against Begay stem from that original New Mexico conviction.   The Government charged Begay on

---

[1] The Court's Order on September 11, 2025, stated that "[A]ny motions in limine shall be filed no later than ten (10) business days before the Final Pretrial Conference. Responses shall be filed no later than five (5) business days before the Final Pretrial Conference. (Doc. 39 at 2). Begay was also allowed to represent himself with the assistance of Mr. Ulrich as stand-by counsel on September 10, 2025.  (Doc. 38).

September 4, 2024, with one count of failure to register in the District of Arizona. (Doc. 1 at ¶ 1).   According to the Government, between July 17, 2019, and through September 4, 2024, Begay was required to register under the Sex Offender Registration and Notification Act ("SORNA") because of his New Mexico conviction. (Doc. 1 at 2). Because he failed to register as a convicted sex offender during that period, the Government brought a charge against Begay for knowingly failing to register and update a registration as required by SORNA. Now, the Government comes to the Court with a request that the Court instruct the jury that they find beyond a reasonable doubt that Begay was previously convicted under 18 U.S.C. §§ 1153, 2241 (c), and 2246 (D), making him a convicted sex offender, which if proven, means he was required to register under SORNA. (Doc. 54).

## II.    Legal Standard

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4.   Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

## III.   Discussion

The Government asserts the following chronology regarding Begay's conviction and subsequent notice of his requirement to register as a sex offender under SORNA. Begay was convicted of aggravated sexual abuse of a child on an Indian reservation under 18 U.S.C. § 2241(c). (Doc. 1 at ¶ 2).   His conviction fell on July 16, 2001. (*Id.*) SORNA requires sex offenders to register their physical address with their local

jurisdiction and update this information within three business days. *See* 34 U.S.C. 20913(c).   At multiple points after his conviction, Begay received notice of his requirement to register as a sex offender. (Doc. 1 at ¶¶ 3–4). In fact, Begay did register as required several times after his New Mexico conviction. (*Id.* at ¶¶ 4–5). However, after Begay was released from the Bureau of Prisons on July 12, 2019, and moved to Shonto, Arizona (Navajo Nation territory), he failed to register as required. (*Id.* at ¶¶ 6–15).

To address the Government's request that the jury be instructed to find beyond a reasonable doubt that Begay was previously convicted under 18 U.S.C. §§ 1153, 2241 (c), and 2246 (D), if proven, and was required to register as a sex offender under SORNA, the Court finds that this is a reasonable request. SORNA makes it a federal crime for any person (1) who "is required to register under [SORNA]," and (2) who "travels in interstate or foreign commerce," to (3) "knowingly fai[l] to register or update a registration," 18 U.S.C. § 2250(a); *Carr v. United States*, 560 U.S. 438 (2010).

The Government seeks clarification on whether Begay's New Mexico conviction for aggravated sexual abuse of a child on an Indian reservation under 18 U.S.C. § 2241(c), would qualify as a sex offense under SORNA, requiring Begay to register as a sex offender. The Court finds that Begay's 2002 New Mexico conviction places him squarely within the registration requirements of SORNA. *See* 18 U.S.C. § 2250(2)(A) (stating that a sex offender is defined for the purposes as SORNA as someone who is convicted under federal law, the law of the District of Columbia, Indian tribal law, or the law or any territory or possession of the United States); *see also* (Doc. 54-1, Ex. 1, Judgment in a Criminal Case). Begay's conviction was under 18 U.S.C. § 2241(c) and 18 U.S.C. § 2246 (D).  (Doc. 54-1, Ex. 1, Judgment in a Criminal Case). A person convicted of a "sex offense" is a "sex offender" and is required to register in the sex offender registry as set out by 34 U.S.C. § 20911(1) and § 20913. Under SORNA's definitions of what qualifies as a sex offense, 34 U.S.C. § 20911, a federal offense prosecuted under section 20911 (5)(A)(iii) is a qualifying sex offense.

Begay was charged under section 1153 of Title 18, meeting the definition for the

type of offense that meets the "sex offense" definition outlined by SORNA. *See* 34 U.S.C. § 20911 (5)(A)(iii). Therefore, if proven at trial that Begay was convicted in 2002 of aggravated sexual abuse of a child under 18 U.S.C. § 2241(c), 18 U.S.C § 2246(D), and prosecuted under 18 U.S.C. § 1153, the Court can then instruct the jury that his conviction was the type of sex offense that mandates registration as a sex offender under SORNA.

Accordingly,

**IT IS ORDERED** that the Government's Motion in Limine (Doc. 54) regarding Defendant's status and registration requirement as a matter of law is **granted,** with the qualification that the Government must prove at trial that Defendant Arnold James Begay was convicted in New Mexico in 2002 of aggravated sexual abuse of a child; crime on an Indian reservation.

Dated this 16th day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge