**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-08110-001-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Arnold James Begay, | |
| Defendant. | |

On December 17, 2025, the Court held a Final Pretrial Conference ("Conference") to iron out jury questionnaires, pending motions in limine, and other matters ahead of a jury trial set for January 6, 2025, through January 8, 2025. At the Conference, Defendant, self-represented Arnold James Begay ("Begay"), appeared to bring up the argument that he was not required to register as a sex offender under 18 U.S.C. § 2250 because of a Judge Bolton Order revoking his supervised release on July 11, 2016. *See United States v. Arnold James Begay*, 2:14-cr-50101-SRB; Doc. 82. In that Order, Judge Bolton, upon the recommendation of Magistrate Judge Boyle, found that Begay had violated the terms of his supervised release and committed him to the custody of the Bureau of Prisons for a term of 47 months. (*Id*.) That Order also stated that his term of supervised release was revoked for violating condition #1 and #12 of his release. (*Id.* at 1).

At the December 17 Conference, Begay said he believed his supervised release terms had been terminated because of Judge Bolton's Order and the underlying hearings before the Order was issued. He stated that he believed that after serving 47 months in

prison for violating his supervised release, he was no longer bound by the terms of the supervised release going forward. Essentially, this Court construes Begay as believing that his return to prison for 47 months abolished his obligation to abide by the terms of the supervised release, including an obligation to keep his sex offender registration current after his supervised release term expired.

After voicing his belief to the Court that he did not need to register as a sex offender after his supervised release was revoked, he also stated that he believes "this is double jeopardy." That last statement coupled with the Court's own review of the record of proceedings in *United States v. Arnold James Begay*, 2:14-cr-50101-SRB, leads the Court to understand that Begay is of the mind that following his 47-month imprisonment, his duty to register as a sex offender was eliminated.

This is notable because the Government's Complaint in this case alleges that as of September 29, **2015**, Begay had signed and acknowledged a document titled "Sex Offender Registration Notice," that alerted Begay about his requirement to register as a sex offender. *United States v. Arnold James Begay*, 3:24-cr-08110-DJH; (Doc. 1 at ¶ 3). In the same Complaint, the Government also tells the Court that Begay registered as a sex offender a couple of times thereafter. (*Id.* at ¶¶ 4–5). While this may be true, Begay's mention yesterday of the 2016 proceedings in front of Judge Bolton, namely her revocation of his supervised release, brings up more questions for the Court than it answers. Therefore, the Court finds it appropriate to require the Government to set forth, in a Memorandum of Law of no more than five pages, why Begay is required to register as a sex offender, even after the revocation and expiration of his supervised release term as ordered by Judge Bolton in *United States v. Arnold James Begay*, 2:14-cr-50101-SRB.

Accordingly,

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED** as follows: The Government must file a Memorandum of Law with the Court that is no longer than **five (5) pages** and inform the Court why Defendant Arnold James Begay is required to register as a sex offender even after the expiration of his supervised release term as ordered by Judge Bolton, by **December 19, 2025, at 5:00 PM.**

Dated this 18th day of December, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge